**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| INDIAN TRAILS PARTNERS, LLC and SINGH MOORE, LLC,<br>Plaintiffs,<br>v.<br>WESCO INSURANCE COMPANY, INTERSTATE FIRE & CASUALTY COMPANY, LIBERTY MUTUAL INSURANCE EUROPE, SE, and FIDELIS UNDERWRITING LIMITED,<br>Defendants. | Civil Action No.<br>2:25-CV-331-RWS |

## ORDER

This case comes before the Court on Plaintiffs Indian Trails Partners, LLC's and Singh Moore, LLC's Motion for Default Judgment [Dkt. 39] and Defendants Interstate Fire & Casualty Company's (Interstate) and Wesco Insurance Company's (Wesco) Motion for Extension of Time to Answer [Dkt. 47].

Plaintiffs seek a default judgment against Wesco and Interstate as to claims arising from the alleged breach of an insurance policy. The timeline goes like this. Last year, Defendants removed this action from state court and moved to compel arbitration pursuant to the insurance policy. [Dkts. 1, 4]. On April 9, 2026, the

Court entered an Order declining to compel arbitration and directing Defendants to respond to the Complaint within 21 days. [Dkt. 29]. On April 30—the day that Defendants' response to the Complaint was due—Defendants appealed the Court's arbitration Order to the Eleventh Circuit.[1] [Dkt. 33]. Accordingly, Defendants' deadline to respond to the Complaint was tolled pending resolution of their appeal.

On June 16, the Eleventh Circuit dismissed Wesco and Interstate's appeal for failure to prosecute.[2] [Dkt. 39-1]. Plaintiffs accordingly moved for a default judgment, arguing that because the appeal was dismissed, Wesco and Interstate were obligated to respond to the Complaint, yet they failed to do so. [Dkt. 39].

But Wesco and Interstate have notified the Court of a new development. On August 4, after Plaintiffs moved for default judgment, the Eleventh Circuit reinstated Wesco and Interstate's appeal. [Dkt. 49-1]. Thus, because an appeal regarding arbitrability remains pending, the Court will again stay the proceedings here. See also Coinbase, Inc. v. Bielski, 143 S. Ct. 1915, 1919 (2023) (holding that

---

[1] An order denying a motion to compel arbitration under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards is immediately appealable. See 9 U.S.C. § 16(a)(1)(C).

[2] This dismissal occurred due to an apparent misunderstanding as to the appellate briefing deadlines.

"a district court must stay its proceedings while the interlocutory appeal on arbitrability is ongoing").

For the foregoing reasons, Plaintiffs' Motion for Default Judgment [Dkt. 39] is **DENIED**. Wesco and Interstate's Motion for Extension of Time to Answer [Dkt. 47] is **GRANTED**. Defendants shall file an Answer or otherwise respond to the Complaint within **seven (7) days** after the Eleventh Circuit's issuance of a mandate following its merits disposition of Defendants' appeal regarding arbitrability (Eleventh Cir. Case No. 26-11538).

**SO ORDERED** this 5th day of August, 2026.

**RICHARD W. STORY**
United States District Judge